JEFF SPIRK (CA Bar No. 302,874)
1987 Placentia Ave.
Costa Mesa, CA
(949) 220-9395
jeff.spirk@polarprofilters.com

Attorney for Plaintiff
POLAR PRO FILTERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLAR PRO FILTERS, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MAN HONG ZHANG, an individual, and DOES 1-10 inclusive,<br><br>　　　　Defendants | Case No.: 8:17-cv-01577<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>PATENT INFRINGEMENT<br>[35 U.S.C. § 271] |

　　Plaintiff Polar Pro Filters, Inc. ("Polar Pro" or "Plaintiff"), for its complaint against defendants Man Hong Zhang ("Zhang") and Does 1-10, inclusive (collectively, with Zhang, "Defendants"), alleges as follows:

**NATURE OF ACTION**

　　This is a civil action for patent infringement under 35 U.S.C. § 271.

## PARTIES

1. Plaintiff Polar Pro Filters, Inc. is a Delaware corporation with its principal place of business located at 1987 Placentia Ave., Costa Mesa, CA 92627.
2. On information and belief, Man Hong Zhang is an individual living abroad. Zhang does business on the online marketplace Amazon under the name "profilter." Zhang and other defendants United States addresses for Service of Process can be provided in a timely manner when the Defendants' United States Addresses are obtained from Amazon.com.
3. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Polar Pro. When their true names and capacities are ascertained, Polar Pro will amend this complaint by inserting their true names and capacities. Polar Pro is informed and believes and thereon alleges that each of Does 1-10 is responsible in some manner for the occurrences alleged herein and that Polar Pro's damages have been and are being proximately caused by such defendants.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court arises under the patent laws of the United States, and this Court has subject matter jurisdiction under at least 28 U.S.C §§ 1331 and 1338(a).
5. On information and belief, Defendants are subject to this Court's jurisdiction because they have committed one or more of the infringing acts complained of herein in California and in this district. This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct business by offering to sell and/or selling products in the State of California and in this judicial district

and thus have purposely availed themselves of the privileges and protections of California law.

6. Venue in this Court is proper at least under the provisions of 28 U.S.C §§ 1391(c) because the defendant does not reside in the United States.

## BACKGROUND

7. This is an action for utility patent infringement.

8. Polar Pro is a leader in the camera and drone accessory industry. Polar Pro has developed many innovative products to enhance picture and video quality. Polar Pro has attempted to protect its products through intellectual property rights. Among those is United States Utility Patent No. 8,620,153 B2 ("Patent '153") titled "Snap-on camera filter mount." The design patent covers a novel means of attaching a camera filter to a camera lens housing.

9. Patent '153 was issued by the United States Patent and Trademark Office on December 31, 2013. A true and correct copy of Patent '153 is attached as Exhibit 1. All rights, title and interest in Patent '153 were transferred to Polar Pro on March 13, 2014 (See Exhibit 2). As the owner of Patent '153, Polar Pro is authorized and has standing to bring legal action to enforce all rights arising under Patent '153. Polar Pro has never assigned, licensed, or otherwise granted or transferred any rights to Patent '153.

10. Defendants have been, and presently are, willfully infringing Patent '153, by selling, offering to sell, and/or importing camera filters that embody the invention claimed by Patent '153.

11. Defendants have been offering to sell at least one product infringing on Patent '153 on online retailer Amazon.com, Inc. ("Amazon") since at least July 26, 2017. On that day Polar Pro filed a complaint with Amazon regarding defendants' infringement. Polar Pro was instructed by Amazon to resolve the issue with

defendants directly. Polar Pro sent multiple emails to defendants through Amazon's internal email system instructing defendant of their infringing products and providing information regarding Patent '153. Defendants did not respond to any of these messages and continued to list the infringing products. On August 31, 2017 a Cease and Desist was sent to the email address of the defendant provided by Amazon. The Cease and Desist provided eight separate products defendants are offering to sell that infringe on Patent '153. The email is attached as Exhibit 3. Defendants did not respond to the email and continue to offer the infringing products for sale on Amazon.

12. Defendants are merchants benefiting from the work and innovation of Polar Pro. Defendants past and ongoing actions dilute the market for Polar Pro's products and cause Polar Pro economic harm.

## ACCUSED PRODUCTS

13. Defendants' infringing products include, but are not necessarily limited to:
    1) TANSUO Snorkel Red Filter for GoPro Hero3, SJ4000 Action Cameras (Exhibit 4)
    2) TANSUO Snorkel Red Filter for GoPro Hero 5 Action Cameras (Exhibit 5),
    3) TANSUO Snorkel Red Filter for GoPro Hero 5 Hero 4 Hero 3+ Hero3 SJ4000 and Other Action Cameras (Exhibit 6),
    4) TANSUO Aqua Filter Diving Lens Filter Kit for GoPro Hero 5 Action Cameras (Exhibit 7),
    5) TANSUO Aqua Filter,Diving Lens Filter Kit for GoPro Hero 4 Hero 3+ Action Cameras (Exhibit 8),
    6) Dive Scuba Red Filters/Professional Lens Filters for GoPro Hero5 Hero4 Hero3+ Hero 3 SJ4000 And Other Action Cameras For Underwater Photography (Exhibit 9),

7) Dive Scuba Red Filters/Professional Lens Filters for GoPro Hero5 Hero4 Hero3+ Hero 3 SJ4000 And Other Action Cameras For Underwater Photography (Exhibit 10),

8) Dive Scuba Red Filters/Professional Lens Filters for GoPro Hero5 Hero4 Hero3+ Hero 3 SJ4000 And Other Action Cameras For Underwater Photography (Exhibit 11).

14. The Accused Products have a light transmissive element configured to be fixed over a camera lens and permanently affixed to a sidewall.

15. The Accused Products have a flexion plate attached to a release tab extending outward from the sidewall, allowing quick attachment and release from a camera lens.

16. The Accused Products have a flexion plate attached to two locking teeth extending inwards from the sidewall.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO 8,620,153

17. Plaintiff incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs.

18. On December 31, 2013 U.S. Patent No. 8,620,153 B2 (Patent '153), entitled Snap-on camera filter mount, was issued for a device allowing improved mounting of camera filters.

19. Patent '153 describes and claims a camera filter comprised of three main parts: a quick release tab, a flexion plate containing two locking teeth extending inward from a flexion plate, and a light transmissive element.

20. Plaintiff has owned Patent '153 since throughout the period of Defendants' infringing acts and still owns the patent.

21. On or before August 31, 2017, Plaintiff provided Defendant with actual notice of Patent '153 and its infringement of the same.

22. Since August 31, 2017, if not earlier, Defendants' patent infringement has been committed willfully and with full knowledge of Patent '153.

23. Paragraphs 13 through 15 identify elements found in the Accused Products that establish infringement of at least claim 1 of Patent '153.

24. Paragraphs 13 through 15 identify elements found in the Accused Products that establish infringement of at least claim 2 of Patent '153.

25. Defendants have willfully infringed and is still infringing at least claim 1 of Patent '153 by selling, offering for sale, and importing camera filters that embody the patented invention, and Defendants will continue to do so unless enjoined by this Court.

26. Defendants' Accused products infringe other claims of Patent '153, and the Plaintiff will provide claim charts as necessary.

27. Plaintiff has complied with statutory requirements of 35 U.S.C. § 271.

## REQUEST FOR RELIEF

Therefore, Plaintiff requests for judgement:

1. That the Defendants' have infringed on Patent '153;
2. That Defendants have knowingly and willfully infringed Patent '153;
3. That Plaintiff be awarded damages for patent infringement according to proof and ordering that such damages be multiplied up to treble their amount;
4. Preliminarily and permanently enjoining Defendants and all others acting in concert with Defendants from making, using, selling, offering to sell, or importing to sell the infringing the infringing camera filters or any other product that infringes Patent '153.
5. That Plaintiff be awarded its costs of suit, and pre- and post-judgement interest on any money judgement;
6. For such other relief as the Court deems proper.

Dated: 14 September 2017

By: __/s/ *Jeff Spirk*__

Jeff Spirk
1987 Placentia Ave.
Costa Mesa, CA
(949) 220-9395
jeff.spirk@polarprofilters.com

Attorney for Plaintiff,
POLAR PRO FILTERS, INC.